**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **JEHOIKEEM MULAZEEM** *a.k.a.* **CHARLIE DANIELS** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 1:06cv445LG-RHW** |
| **CHUCK ABRAM** | **RESPONDENT** |

## OPINION AND ORDER

This matter comes before this Court, *sua sponte*, for consideration of dismissal. Petitioner Jehoikeem Mulazeem *a.k.a.* Charlie Daniels, was convicted on May 9, 1985, by a jury in the Circuit Court of Harrison County, Mississippi, of attempted armed robbery. The petitioner received a 40-year sentence. The instant petition is the Petitioner's fourth attempt to challenge his 1985 conviction.

Petitioner filed for habeas corpus relief challenging the 1985 conviction in *Daniels v. Lindsey*, 1:96cv40(R)(R) (S.D. Miss. March 26, 1998), which was dismissed on March 26, 1998. The United States Court of Appeals for the Fifth Circuit denied the Petitioner's Certificate of Probable Cause on March 8, 1999. *Daniels v. Lindsey*, No. 98-60255 (5th Cir. March 8, 1999).

Petitioner then filed another application for habeas relief in *Daniels v. Turner*, 1:99cv170DMR-LG (S.D. Miss. May 26, 1999). In that case, an order [3-1] was entered on April 26, 1999, transferring the petition to the United States Court of Appeals for the Fifth Circuit. On July 7, 1999, the Fifth Circuit entered an order [4-1] in this Court denying the Petitioner authorization to file a successive habeas petition.

Petitioner's third habeas corpus request was filed on September 16, 2002, *Daniels v. Epps*, 1:02cv722WJG (S.D. Miss. July 21, 2003). That habeas was dismissed without prejudice by a

final judgment [11-1] entered on July 21, 2003.  The order adopting the Report and Recommendation [10-1] found that the petitioner had failed to secure authorization from the Fifth Circuit before filing the habeas petition.

In the instant civil action, an order [4-1] was entered directing the petitioner to provide a copy of the Fifth Circuit's authorization to file this successive petition.  Notwithstanding the Petitioner's response [5-1] to the Court's order, he failed to submit a copy of the authorization to file this successive petition.  Therefore, as discussed below, the instant habeas petition must be dismissed.

Since the petitioner has previously filed a habeas attacking his 1985 conviction in this Court, the instant petitioner is deemed successive.  Before filing a second or successive petition, the Petitioner must file a motion in the Fifth Circuit requesting that an order be entered authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The Petitioner has failed to provide this Court with documentation from the Fifth Circuit authorizing this Court to consider the instant petition.  Because the Fifth Circuit has not authorized the petitioner to file this claim in this Court, the instant petition for habeas relief will be dismissed.  If the petitioner receives authorization from the Fifth Circuit, he may then re-file a new petition for habeas relief which will be assigned a separate civil action number by this Court.

A final judgment in accordance with the opinion and order shall be entered.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE